IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JIMMY RILEY,

                          Plaintiff,                          ORDER

        v.
                                                              20-cv-736-wmc
BRIAN LANGE, JACOB ZIMMER,
ADAM THIELEN, MICHAEL ROTH,
CODY KEEHN, JULIE PINTZ,
ANDREW HULCE, MATTHEW SCULLION,
ANDREW SIMCOX, and GARY BOUGHTON,

                          Defendants.

        *Pro se* plaintiff Jimmy Riley, currently incarcerated at Green Bay Correctional

Institution, is proceeding against defendants on Eighth Amendment deliberate indifference

and Wisconsin state law negligence claims.  Since the court issued its leave to proceed order

on January 28, 2022, plaintiff has filed two motions alleging mail delivery delays and

requesting court intervention.  (Dkt. ##14, 21.)  Plaintiff has twice explained that an

inmate in the Wisconsin Secure Program Facility ("WSPF") is helping him litigate this

matter, but they are concerned about missing court deadlines if they must rely on the

prison mail system to exchange case-related documents.  That is because the Wisconsin

Department of Corrections recently contracted with a third-party mail management service

to handle all personal mail distribution for its facilities, allegedly causing mail delivery

delays of three to four weeks.

        Plaintiff has proposed a different solution in each of his motions.  In his first motion,

plaintiff asked the clerk's office to mail copies of filings in this case to him and to the

inmate helping him.  The clerk's office explained in response that it could not bill plaintiff

for copies or accept a deposit to pay for copies, and that copy requests had to be pre-paid for the exact number of copies requested. (Dkt. #15.) Plaintiff now asks the court in his latest motion to order Green Bay Correctional to forward all filings in this case to this other inmate at WSPF. In support, plaintiff claims that another court recently entered a similar order in another case in response to similar mail delivery delays and other obstacles.

The court is sympathetic to the challenges *pro se* litigants generally face, but it will not intervene at this very early stage. To start, plaintiff provides no details regarding the court order he references. Even so, relief that is appropriate in one case may not be appropriate in another. And while in addition to possible mail delays, plaintiff now adds that he has just been placed in restrictive housing and has yet to receive "all requested legal materials," access to a "seg pen," or law library access (dkt. #21 at 1-2), plaintiff has not shown prejudice -- he has been able to file motions with the court and has no pending deadlines. Importantly, this lawsuit was only just screened to proceed, so plaintiff's only obligation at this point is to participate in a telephonic preliminary pretrial conference that will be scheduled after defendants file their answer. During this conference, the magistrate judge will explain how this case will proceed, set the schedule, and follow up with a detailed order that memorializes the schedule and attaches this court's procedures. Plaintiff does not need to conduct legal research to prepare; he can review his complaint and the court's screening order and consider what questions he may want to ask about court procedure. If as this case progresses, plaintiff should be unable to meet a deadline because of limited access to the law library or specific legal materials, or mail delays beyond his control, he may ask the court for an extension.

ORDER

IT IS ORDERED that plaintiff Jimmy Riley's motion for relief (dkt. #21) is DENIED.

Entered this 22nd day of February, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge