IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JIMMY RILEY,

                      Plaintiff,                                ORDER

v.

                                                        20-cv-736-wmc

BRIAN LANG, et al.,

                      Defendants.

---

      Pro se plaintiff Jimmy Riley is proceeding on Eighth Amendment and state-law negligence claims against Wisconsin Secure Program Facility employees stemming from his two suicide attempts in November 2019. (Dkt. 12.) Riley has filed a motion requesting a two-week extension of his December 9, 2022, deadline to disclose his expert witnesses. (Dkt. 31.) He notes that he is now incarcerated at Green Bay Correctional Institution and until recently has been unable to access the law library there due to an institution-wide lockdown. I will grant the motion for a brief extension under these circumstances.

      Riley has also filed a motion to compel staff at GBCI to allow him to view certain body camera footage and Wisconsin Department of Corrections policy. (Dkt. 32.) Riley states that he has contacted the legal coordinator as well as the records office, and has been told both that he needs a court order to view these materials and that staffing shortages are delaying the viewing.

      I will deny the motion without prejudice. First, Riley cannot seek evidence directly from GBCI now that he has filed this lawsuit. He must present all of his discovery requests to the assistant attorney general ("AAG") who is representing the defendants, and it will be up to the AAG to touch base with GBCI. This court sent Riley a letter to this effect (dkt. 29) when he

sent the court a request for production of DOC's 2019 suicide prevention policy and body camera footage. (Dkt. 30.)

Second, Riley does not indicate in his motion to compel whether he did send this request for production to the AAG, or whether Riley has made any attempt to resolve this issue with the AAG before asking the court to intervene. As noted in the preliminary pretrial conference order, "before any party may file a discovery motion with the court, the party first must try to work out the dispute with the other side." (Dkt. 27 at 10.) That means that Riley must front his discovery problems with the AAG before he may file a motion to compel. The court expects the AAG to work with Riley in good faith. If the parties cannot resolve this discovery issue, *then* Riley may renew his motion to compel, explaining why the evidence he wants to view is relevant, and including a statement that he has conferred in good faith with defense counsel or that it was actually impossible to communicate with defense counsel about this issue.

## ORDER

It is ORDERED that:

(1) Plaintiff's motion to extend his deadline to disclose expert witnesses (dkt 31) is GRANTED. Plaintiff's disclosure deadline is now December 23, 2022; and

(2) Plaintiff's motion to compel (dkt. 32) is DENIED without prejudice.

Entered this 9th day of December, 2022.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge